NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARTHUR SHERIDAN, an individual, and BARBARA SHERIDAN, an individual, individually and on behalf of all others similarly situated, | : : : : : | **OPINION** |
| Plaintiffs, | : : | |
| v. | : : | Civ. No. 15-cv-7574 (WHW)(CLW) |
| iHEARTMEDIA, INC., a Delaware corporation, | : : : | |
| Defendant. | : : : | |

**Walls, Senior District Judge**

In this putative class action, the owners of sound recordings made before 1972 bring copyright infringement and unjust enrichment claims under New Jersey law against Defendant iHeartMedia for broadcasting their recordings without receiving authorization or compensating the recordings' owners. Defendant moves to stay this case pending the resolution of three similar actions currently before the United States Courts of Appeals for the Second, Ninth, and Eleventh Circuits. This case is related to another case Plaintiffs have filed in this court against defendants Sirius XM Radio, Inc. and Pandora Media, Inc. *See Sheridan v. Sirius XM Radio, Inc. et al*, No. 15-cv-7576 (D.N.J. filed Oct. 19, 2015). Sirius XM Radio and Pandora have also requested a stay pending the Second, Ninth, and Eleventh Circuits' rulings. Decided without oral argument under Fed. R. Civ. P. 78(a), Defendant iHeartMedia's motion is granted.

NOT FOR PUBLICATION

# BACKGROUND

For the purposes of this opinion, the Court assumes the truth of the following allegations in the complaint. ECF No. 1.

## I.      The Parties

Plaintiffs Arthur and Barbara Sheridan are citizens of Illinois who own the intellectual property and contract rights to master sound recordings created in the 1950s and 1960s, when Arthur Sheridan owned and operated record companies specializing in doo-wop, jazz, and rhythm and blues music (the "Pre-1972 Recordings"). *Id.* ¶¶ 2, 11-12, 15. As the owners of these Pre-1972 Recordings, Plaintiffs market the Recordings and receive revenue from third parties in exchange for licenses to publicly perform them. *Id.* ¶¶ 18-19.

Defendant iHeartMedia, Inc., which operates under the name "iHeartRadio," *id.* ¶ 24, is a Delaware corporation with its principal place of business in Texas. *Id.* ¶¶ 13, 24. iHeartMedia owns "hundreds" of terrestrial (AM and FM) radio stations, streams the broadcasts of these stations on the internet, and also offers internet radio services to the public in the form of free, non-subscription, customizable music streaming "stations." *Id.* ¶¶ 24-25. iHeartMedia generates revenue in part by selling advertising on its terrestrial and online radio stations. *Id.* ¶ 32. iHeartMedia regularly broadcasts the Plaintiffs' Pre-1972 Recordings on its terrestrial and online radio stations, which reach listeners throughout the United States, including in New Jersey. *Id.* ¶ 31-33. iHeartMedia makes reproductions of these Recordings for the purposes of "archiving, advertising, buffering, streaming, and otherwise maintaining, accessing, and performing" them, *id.* ¶ 28, but has not licensed the Recordings from Plaintiffs or paid them royalties to broadcast or reproduce the Recordings. *Id.* ¶ 34.

NOT FOR PUBLICATION

## II.     Federal and state copyright protection of sound recordings

The federal Copyright Act grants the owner of copyrights in sound recordings the exclusive right to authorize the reproduction, distribution of copies, and performance of the recordings "by means of a digital audio transformation." 17 U.S.C. § 106. Federal law "provides an automatic license and royalty rate for digital public performances of sound recordings created on or after February 15, 1972," ECF No. ¶ 21 (citing 17 U.S.C. §§ 112(e), 114(d)(2), (f), (g)(2)), but this system does not extend any copyright protections to the owners of rights in recordings created before February 15, 1972. *Id.*; *see also* 17 U.S.C. § 301(c).[1]

The Copyright Act preempts state common law protections for copyrighted works but does not preempt the state regulation of Pre-1972 Recordings. ECF No. 1 ¶ 4; 17 U.S.C. § 301(a), (c). Plaintiffs allege that New Jersey "state law prohibits the unauthorized reproduction and performance of pre-1972 sound recordings." ECF No. 1 ¶ 1. Defendant, however, claims that until a "recent wave of litigation," no court had recognized "anything close" to such a protection since 1937, and that it is a "100-year-old practice of the broadcasting industry" to reproduce and perform Pre-1972 Recordings without receiving authorization or paying royalties to the Recording owners. Def. Mot. Stay, ECF No. 8 at 1, 5 (citing *Waring v. WDAS Broad. Station, Inc.*, 194 A. 631 (Pa. 1937)).

---

[1] Importantly, sound recordings are considered distinct from "musical works," i.e., musical notes and lyrics. *See White-Smith Music Pub. Co. v. Apollo Co.*, 209 U.S. 1 (1908). The Copyright Act gives owners of musical works the exclusive right to authorize all public performances and displays of musical works without limiting its protection to performances "by means of a digital audio transmission," 17 U.S.C. § 106, and protects musical works created before 1972. For a detailed history of the 1971 amendment to the Copyright Act that first extended federal copyright protection to sound recordings, *see* Def. Mot. Dismiss, ECF No. 9 at 2-5.

NOT FOR PUBLICATION

### III.    The pending "*Flo & Eddie*" cases

The "recent wave of litigation" began in 2013, when plaintiff Flo & Eddie, Inc., the owner of the master Pre-1972 Recording for the song "Happy Together" by the rock band the Turtles, filed putative class actions against online broadcaster Sirius XM Radio, Inc. in the Central District of California, Southern District of New York, and Southern District of Florida. *See Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13-cv-5963, ECF No. 1 (C.D. Cal. Aug. 6, 2013); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13-cv-5784, ECF No. 1 (S.D.N.Y. Aug. 16, 2013) ("*Flo & Eddie New York*"); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13-cv-23182, ECF No. 1 (S.D. Fla. Sept. 3, 2013) ("*Flo & Eddie Florida*"). In 2014, Flo & Eddie filed another action in the Central District of California against online broadcaster Pandora Media, Inc. S*ee Flo & Eddie, Inc. v. Pandora Media, Inc.*, No. 14-cv-7648 (C.D. Cal. Oct. 2, 2014) ("*Flo & Eddie California*"). The actions assert copyright infringement and unjust enrichment claims against the defendants under New York, Florida, and California law, respectively, for broadcasting and reproducing Pre-1972 Recordings without the authorization of the Recording owners. *See* ECF No. 8 at 1.

Courts have reached differing conclusions about Flo & Eddie's claims under the laws of the various states. The Southern District of New York denied Sirius XM Radio's motion for summary judgment and found, on an issue of first impression, that New York common law provides Pre-1972 Recording owners with the exclusive rights to reproduce and publicly perform their Recordings. *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 62 F. Supp. 3d 325, 338 (S.D.N.Y. 2014), *appeal pending*, No. 15-1164 (2d Cir.). The Central District of California granted summary judgment against Sirius XM Radio and denied a motion to dismiss filed by Pandora, finding that a California statute governing Pre-1972 Recordings provides owners with the

NOT FOR PUBLICATION

exclusive right to publicly perform, but not to reproduce, their Recordings. *Flo & Eddie, Inc. v. Pandora Media, Inc.*, 2015 U.S. Dist. LEXIS 70551, at *18- 29 (C.D. Cal. Feb. 23, 2015), *appeal pending*, No. 15-55287 (9th Cir.); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2014 U.S. Dist. LEXIS 139053, at *6-27 (C.D. Cal. Sept. 22, 2014). The Southern District of Florida, however, granted summary judgment for Sirius XM Radio. The court held that that Florida common law does *not* provide Pre-1972 Recording owners with exclusive rights to public performance of their Recordings and that the "buffer" copies of Recordings alleged in the complaint do not constitute unlawful reproductions, and declined to hold whether Florida common law provides Pre-1972 Recording owners with exclusive rights to reproduce their Recordings. *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 WL 3852692, at *5-6 (S.D. Fla. June 22, 2015), *appeal pending*, No. 15-13100 (11th Cir.). Appeals of these decisions are pending before the Second, Ninth, and Eleventh Circuits, respectively.

IV.     **The Sheridan actions**

On October 19, 2015, Plaintiffs Richard and Barbara Sheridan filed the complaint in this action, raising claims under New Jersey common law similar to those asserted by Flo & Eddie under New York, California, and Florida law. In the complaint, brought in federal court under the Class Action Fairness Act of 2005, 28 U.S.C. § 1322(d), because Plaintiffs claim at least one class member is of diverse citizenship from the defendants, there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000, ECF No. 1 ¶ 8, Plaintiffs allege that "New Jersey common law protects Pre-1972 Recordings from being copied, distributed, or otherwise exploited without license or authorization," *id.* ¶ 23, that iHeartMedia infringed New Jersey common law copyrights of Pre-1972 Recording owners and engaged in unfair competition by "duplicating the Pre-1972 Recordings without authorization from Plaintiffs

NOT FOR PUBLICATION

and Class Members, and publicly performing those Recordings to its users for its own gain," *id.*
¶ 48, and that iHeartMedia was unjustly enriched by using the Pre-1972 Recordings to sell
advertising on its broadcasts. *Id.* ¶ 52.

 Plaintiffs have filed eight similar actions in district courts across the country, including
the parallel action against Sirius XM Radio and Pandora in this Court.[2] The Sheridans' actions in
the Southern District of New York and Central District of California have been stayed pending
resolution of the *Flo & Eddie* cases currently on appeal.  ECF No. 8 at 1-2 (citing *Sheridan v.
Sirius XM Radio Inc.*, No. 3:15-cv-04081-VC, ECF No. 32 (N.D. Cal. Oct. 28, 2015); *Sheridan
v. Sirius XM Radio, Inc.*, No. 1:15-cv-07056-GHW, ECF No. 33 (S.D.N.Y. Oct. 28, 2015);
*Sheridan v. iHeartMedia, Inc.*, No. 1:15-cv-06747-GBD, ECF No. 23 (S.D.N.Y. Oct. 13, 2015),
ECF No. 23; *Sheridan v. iHeartMedia, Inc.*, No. 2:15-cv-04067-PSG-GJS, ECF No. 41 (C.D.
Cal. Oct. 13, 2015)).

**V. iHeartMedia's motion to dismiss and motion to stay**

 On December 29, 2015, iHeartMedia filed a motion to dismiss this action arguing that (a)
New Jersey common law does not protect "published" works like those in question here, (b) New
Jersey common law does not grant exclusive public performance rights in published sound
recordings or bar the reproductions at issue here, and (c) any state law obligation to negotiate
licenses to broadcast sound recordings would be preempted by federal law. Def. Mot. Dismiss,
ECF No. 9.

---

[2] *See also Sheridan v. iHeartMedia, Inc.*, No. 1:15-cv-09229-JJT-MM (N.D. Ill. filed Oct. 19,
2015); *Sheridan v. Sirius XM Radio, Inc.*, No. 1:15-cv-09236-EEB-SC (N.D. Ill. filed Oct. 19,
2015); *Sheridan v. iHeartMedia, Inc.*, No. 1:15-cv-00160-LJA (M.D. Ga. filed Sept. 30, 2015);
*Sheridan v. Sirius XM Radio, Inc.*, No. 3:15-cv-04081-VC (N.D. Cal. filed Sept. 8, 2015);
*Sheridan v. Sirius XM Radio, Inc.*, No. 1:15-cv-07056-GHW (S.D.N.Y. filed Sept. 8, 2015);
*Sheridan v. iHeartMedia, Inc.*, No. 1:15-cv-06747-GBD-SN (S.D.N.Y. filed Aug. 25, 2015);
*Sheridan v. iHeartMedia, Inc.*, No. 2:15-cv-04067-PSG-GJS (C.D. Cal. filed May 29, 2015).

NOT FOR PUBLICATION

The same day, iHeartMedia filed a motion to stay this action pending the issuance of final mandates by the Second, Ninth, and Eleventh Circuits in the *Flo & Eddie* cases. ECF No. 8.[3] iHeartMedia argues that a stay may help simplify issues for this Court, will not impose an undue burden on the Sheridans, and will not unduly delay proceedings or disrupt a case schedule. *Id.* at 2. Alternatively, iHeartMedia requests that the Court issue a stay pending the Second Circuit's ruling only. *Id.* at 5-6.

Plaintiffs filed an opposition to Defendant's motion to stay on February 5, 2016. ECF No. 18. Defendant filed a reply brief in further support on February 19, 2016. ECF No. 19.

## STANDARD OF REVIEW

A district court has broad discretion to stay proceedings. *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). "The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication." *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994) (citing *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983)). Courts have considered many factors when ruling on motions for a stay, including "(1) whether a stay will simplify issues and promote judicial economy, (2) the balance of harm to the parties, and (3) the length of the requested stay." *Glades Pharm., LLC v. Call, Inc.*, 2005 WL 563726 at *8 (E.D. Pa. Mar. 9, 2005); *see also Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014); *Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 541-42 (D.N.J 2008).

---

[3] The same day, defendants Sirius XM Radio and Pandora filed motions to stay the parallel action against them in this Court pending the *Flo & Eddie* rulings. 1:15-cv-7576, ECF No. 16 (Sirius XM Radio), ECF NO. 17 (Pandora).

NOT FOR PUBLICATION

## DISCUSSION

The Court will exercise its discretion to stay this matter because it finds that the requested stay will cause minimal harm to the parties, will be of a short duration, will simplify issues and promote judicial economy.

Most importantly, the Court finds that staying this case until the Second, Ninth, and Eleventh Circuits have ruled on related cases will more likely than not simplify the issues presented here and promote judicial economy. While the parties here are not involved in the *Flo & Eddie* cases, the defendants in the Sheridans' parallel action in this Court, Sirius XM Radio and Pandora, are. *See* No. 15-cv-5756. The Sheridan Plaintiffs and Defendant iHeartMedia are also involved in related actions in the Southern District of New York and the Central District of California that have already been stayed pending resolution of the *Flo & Eddie* actions.[4] Judicial economy weighs in favor of coordinating the schedules of the two cases pending before this Court with each other, the cases between the parties in other districts, and the *Flo & Eddie* cases involving the same defendants.

Additionally, although Plaintiffs are correct that the *Flo & Eddie* decisions "will not bind this Court or dispose of Plaintiffs' New Jersey claims" because they involve issues of New York,

---

[4] Plaintiffs claim that the Northern District of Illinois, where they have also filed actions against iHeartMedia, Sirius XM Radio, and Pandora, "summarily rejected" similar requests for stays by defendants. ECF No. 18 at 3. Plaintiffs imply that this is significant because, unlike their actions in the Southern District of New York and Central District of California, neither the Northern District of Illinois actions nor the actions in this Court involve claims under New York, California, or Florida law that will be directly addressed by the forthcoming *Flo & Eddie* decisions. Defendant clarifies that, although the Northern District of Illinois did not grant the stays, it explained that it would not rule on the pending motions to dismiss until after the Second Circuit published its *Flo & Eddie New York* decision, indefinitely postponed a case management conference, and ordered the parties to file supplemental briefing after the *Flo & Eddie New York* decision is released. ECF No. 19 at 2 n.2 (citing *Sheridan v. iHeartMedia*, No. 1:15-cv-09229 (N.D. Ill. Jan. 7, 2016)). A formal stay would coordinate the schedules of this Court's cases with those of the informally stayed Northern District of Illinois cases.

8

NOT FOR PUBLICATION

California, and Florida state law, ECF No. 18 at 1, a district court may stay a case "to abide the outcome of another which may *substantially affect it* or be dispositive of the issues." *Bechtel Corp.*, 544 F.2d at 1216 (emphasis added); *see also Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864-64 (9th Cir. 1979) (The court's discretionary power to stay a case pending decisions in other proceedings "does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

In this case, judicial economy weighs in favor of letting the several Courts of Appeals "simplify the issues" raised here by Plaintiffs. *Akishev*, 23 F. Supp. 3d at 446. It appears that the question of whether New Jersey common law grants Plaintiffs exclusive rights over the public performances and the appropriation of profits from Pre-1972 Recordings is one of first impression. Given the lack of New Jersey case law on the issue, it is unsurprising that both parties rely upon the *Flo & Eddie* district court decisions, including sections interpreting similar state law questions, as persuasive authority in their motion to dismiss briefing. *See* ECF No. 9 at 1, 12, 13 (citing *Flo & Eddie New York* and *Flo & Eddie Florida* to make arguments about the established practice of using Pre-1972 Recordings without paying royalties and whether the Court should abstain from extending state common law rights to Plaintiffs under *Erie* doctrine); Plaintiff Opp. Mot. Dismiss, ECF No. 20 at 4, 13-18, 22 (citing *Flo & Eddie California* and *Flo & Eddie New York* to make arguments about whether New Jersey common law protects against appropriation of profits and protects only "unpublished" works, whether iHeartMedia's reproduction of Pre-1972 Recordings constitutes "fair use" under New Jersey law, whether the "fair use" argument is properly determined at the motion to dismiss stage, and whether the Court should abstain from extending state common law rights to Plaintiffs). The Second, Ninth, and Eleventh Circuit rulings in the *Flo & Eddie* cases may reverse the holdings that both parties

NOT FOR PUBLICATION

currently cite. Again, while these decisions would not bind this Court, judicial economy favors granting a stay instead of relying on submissions that advance cases which may be overruled.

Defendant also notes that, in its *Flo & Eddie* decision, the Second Circuit will determine whether the Commerce Clause prevents state copyright protection of Pre-1972 Recordings. ECF No. 8 at 6. Plaintiffs argue that Defendants have not raised Commerce Clause arguments in their motions to dismiss, ECF No. 31 at 6, and the Court notes again that the Second Circuit's ruling will not be binding on this Court. But a potential Second Circuit ruling that state copyright protections of such recordings are prohibited by the Commerce Clause could "substantially affect" this Court's decision, *Bechtel Corp.*, 544 F.2d at 1216. This further weighs in favor of a stay.

The Court also finds that a stay would likely be relatively short. Although the Court cannot predict exactly when the Courts of Appeals will issue their rulings, nor whether they will certify any questions to state courts, as Plaintiffs suggest, ECF No. 18 at 6, all three appeals are moving forward. Briefing has been completed in *Flo & Eddie California*, *see* 15-55287, ECF No. 23 (Pandora opening brief), No. 59 (Flo & Eddie opposition), No. 76 (Pandora reply brief) (9th Cir.), oral argument in *Flo & Eddie Florida* has tentatively been scheduled for the week of May 16, 2016, *see* 15-13100, calendar entry Feb. 29, 2016 (11th Cir.), and the Second Circuit has heard oral argument in *Flo & Eddie New York* on February 2, 2016. No. 15-cv-1164, ECF No. 182 (2d Cir.).

Finally, a stay would cause minimal harm to the parties. Plaintiffs acknowledge that a stay would not present a tactical disadvantage to them, ECF No. 18 at 6. In fact, they have agreed to stays in several of their related cases against iHeartMedia. ECF No. 8 at 1-2. Plaintiffs argue that iHeartMedia has not met its burden to demonstrate that it would be prejudiced if the Court

10

NOT FOR PUBLICATION

does *not* issue a stay. ECF No. 18 at 6 (citing *Akishev*, 23 F. Supp. 3d at 446, *Nussbaum v. Diversified Consultants, Inc.*, 2015 WL 5707147, at *1-2 (D.N.J. Sept. 28, 2015) (recognizing "hardship or inequity for the moving party" if a stay is denied as another factor for courts to consider). The Court agrees that denial would not cause particular hardship or inequity for Defendant. The Court will grant a stay.

## CONCLUSION

Defendant iHeartMedia's motion for a stay is granted. The Court will stay this action until the release of final decisions from the Second, Ninth, and Eleventh Circuits in the *Flo & Eddie* cases currently pending before them. An appropriate order follows.

DATE: *16 March 2016*

William H. Walls
Senior United States District Court Judge

11